UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL MARKHAM,

                                            Plaintiff,                Case # 19-cv-6930-FPG

v.                                                                   DECISION AND ORDER

MARK CHAUVIN BEZINQUE, et al.,

                                            Defendants.
_____

MICHAEL D. MARKHAM,

                                              Plaintiff,                Case # 20-cv-6039-FPG

v.                                                                        DECISION AND ORDER

MATHEW A. ROSENBAUM, et al.,

                                            Defendants.
_____

## INTRODUCTION

In late December 2019 and mid-January 2020, Plaintiff Michael Markham commenced these actions against several individuals for various claims arising out of his divorce proceedings in New York state court. ECF No. 1. Plaintiff paid the $400 filing fee. On January 31, 2020, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion for appointment of counsel (ECF No. 3) in each case. Plaintiff also requested that default judgment be entered against Defendant Edward W. Riley, who he has been unable to serve. The Court denies all of Plaintiff's requests.

## DISCUSSION

**I.    Motion to Proceed IFP**

In his motion to proceed IFP, Plaintiff indicates that he receives $7,539.14 per month from "[p]ensions, annuities, disability, or life insurance." ECF No. 2 at 1. Plaintiff's annual income is,

1

therefore, over $90,000 per year. Such income does not qualify Plaintiff to proceed as a poor person here. Indeed, Plaintiff has already paid the filing fee to commence this action.

## II.     Motion for Appointment of Counsel

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff is not indigent. Additionally, Plaintiff's submissions are articulate and it appears that he can adequately present his own claims. There are no special reasons that would favor the appointment of counsel.

### III. Default Judgment Against Riley

In a letter dated January 31, 2020 filed in case number 19-cv-6930, Plaintiff requests default judgment against Defendant Edward W. Riley. ECF No. 6. Plaintiff employed Scott J. Campanella to serve Riley with the Complaint. According to the affidavit of service, a skip-trace search did not yield a current address for Riley. ECF No. 5. Campanella appeared at Riley's office in Brockport and found that it was closed. Thereafter, Campanella reached Riley several times via telephone. Riley indicated that he would not accept service by email and he refused to provide a current address. Riley further indicated that his office in Brockport is not currently staffed and that "he will not return until the end of February." *Id.*

Default judgment requires effective service. *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) ("A default judgment may not be granted, however, if the defendant has not been effectively served with process."). Therefore, Plaintiff's request for default judgment is improper.

Plaintiff is reminded that he must serve Riley with the Complaint in accordance with Federal Rule of Civil Procedure 4.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP (ECF No. 2) and his motion for appointment of counsel (ECF No. 3) are DENIED in both cases. Plaintiff's request regarding default judgment (ECF No. 6 in 19-cv-6930) is also DENIED.

IT IS SO ORDERED.

Dated: February 5, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court