UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL D. MARKHAM,

                                          Plaintiff,          Case # 19-CV-6930-FPG

v.                                                                DECISION AND ORDER

MARK CHAUVIN BEZINQUE, et al.,

                                          Defendants.
_____

## INTRODUCTION

On December 27, 2019, Plaintiff Michael Markham commenced this action pursuant to 42 U.S.C. § 1983 against his ex-wife's attorney Mark Chauvin Bezinque, attorneys for the child Lisa B. Morris and Edward W. Riley, and New York Supreme Court Justice Kenneth R. Fisher (collectively, "Defendants") for various due process violations arising out of his divorce litigation.[1]  ECF No. 1.  Plaintiff now asks the Court to order Riley to pay for the costs associated with personally serving him.  ECF No. 26.  For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

This federal case arises out of lengthy and contentious divorce proceedings in state court. Plaintiff claims that Defendants conspired to fabricate a trial, falsify hearings and documents, and destroy records, ultimately resulting in Plaintiff being isolated from his minor children.

On February 6, 2020, the Court denied Plaintiff's request for an entry of default judgment against Riley.  ECF No. 7.  The Court explained that entry of default requires effective service and Plaintiff had not yet served Riley.  The remaining Defendants have moved to dismiss the

---

[1] Plaintiff brought another, related action against other individuals related to his divorce proceedings in January 2020. *Markham v. Rosenbaum*, Case No. 20-cv-6039.  That case is also pending before this Court, but the present motion is only pending in this case.

1

Complaint (ECF Nos. 9, 11, 12), and those motions are pending before the Court.  However, Plaintiff still has not served Riley.  On April 13, 2020, Plaintiff filed the instant motion seeking that Riley "pay all of the expenses of service for his continued failure and refusal to return a signed waiver of service in accordance with Rule 4 of the Federal Rules of Civil Procedure."  ECF No. 26 at 1.

## DISCUSSION

Plaintiff repeatedly asserts that Riley refuses to be served in person or provide information that may assist Plaintiff in serving Riley.  ECF No. 26 at 2-3.  He intimates that Riley is attempting to evade service and argues that Riley has refused to return a signed waiver of service, which would allow Plaintiff to forgo personally serving Riley.  Accordingly, Plaintiff seeks the costs associated with trying to personally serve Riley.  *Id.*  There are two problems with Plaintiff's argument.

First, although Plaintiff asserts that Riley refuses to return a waiver of service, Plaintiff does not provide any indication that he has complied with the rules for seeking a waiver.  Rule 4(d) allows a plaintiff to bypass the personal service requirement by transmitting to the defendant a notice and request to waive personal service, and filing a defendant's signed waiver.  The plaintiff's notice and request to waive service must:

> (A) be in writing and be addressed:
> 　　(i) to the individual defendant . . .;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1).  Plaintiff's motion does not indicate that he sent a notice and request for waiver of service to Riley that complies with the above requirements.

Second, even assuming Plaintiff complied with the above requirements and Riley refused to execute a waiver of service, Rule 4(d) contemplates that a defendant can be required to pay the costs of personal service only after he or she has been personally served.  Fed. R. Civ. P. 4(d)(2) ("If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . expenses *later* incurred in making service.") (emphasis added).  Plaintiff has not yet served Riley and the costs associated with such service have therefore not yet been incurred.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for costs incurred as a result of Riley's failure to execute a waiver of service (ECF No. 26) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 24, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court