UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL D. MARKHAM,

                                Plaintiff,                Case # 19-CV-6930-FPG

v.                                                               DECISION AND ORDER

MARK CHAUVIN BEZINQUE, et al.,

                                Defendants.

MICHAEL D. MARKHAM,

                                Plaintiff,                Case # 20-cv-6039-FPG

v.                                                                DECISION AND ORDER

MATTHEW A. ROSENBAUM,[1] et al.,

                                Defendants.

## INTRODUCTION

In late December 2019 and mid-January 2020, Plaintiff Michael Markham commenced these actions pursuant to 42 U.S.C. § 1983 against several individuals for various claims arising out of his lengthy and contentious divorce proceedings in New York state court.  ECF No. 1. Plaintiff claims that Defendants conspired to fabricate a trial, falsify hearings and documents, and destroy records, ultimately resulting in Plaintiff being isolated from his minor children.  Plaintiff now asks the Court to transfer these cases to the United States District Court for the District of Hawaii.  Case No. 19-cv-6930, ECF No. 29; Case No. 20-cv-6039, EC No. 44.  He also asks the Court to extend his deadline to serve Defendant Edward Riley.  Case No. 19-6930, ECF No. 31. For the reasons that follow, Plaintiff's motions to transfer venue are DENIED and his motion to extend the deadline to serve is GRANTED.

---

[1] Incorrectly sued as Mathew A. Rosenbaum.

1

**DISCUSSION**

**I.     Motion to Transfer**

Plaintiff seeks to transfer venue of these actions to the District of Hawaii, in which he lives, pursuant to 28 U.S.C. § 1404. That Section provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The list of factors is not exhaustive," *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016), but in determining whether to grant a motion to transfer venue, courts consider

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting another source). Recusal motions are committed to the sound discretion of the district court. *Longi v. New York*, 363 F. App'x 57, 58-59 (2d Cir. 2010) (summary order).

Plaintiff does not address any of these factors or argue how any of them militate in favor of transfer to the District of Hawaii. Indeed, the divorce proceedings out of which Plaintiff's claims arise occurred in the Western District of New York. It appears that most of the witnesses and Defendants would be here, not in Hawaii. Case No. 20-cv-6039, ECF No. 46 at 3-9. The Court, therefore, cannot conclude that the District of Hawaii would be a more convenient forum. A plaintiff, "who brought this action in this district and prosecuted it here, cannot change venue because [he] no longer find[s] it agreeable to [him] to continue it before this Court." *Azrelyant v. B. Manischewitz Co.*, No. 98-CV-2502 ILG, 2000 WL 264345, at *4 (E.D.N.Y. Jan. 13, 2000).

Rather than address the convenience of the parties, Plaintiff claims that the case should be transferred because (1) three Defendants were state court judges when the undersigned was also a

2

state court judge and (2) Defendant Kenneth Fisher was a federal judge before becoming a state court judge. Case No. 20-cv-6039, ECF No. 44. These reasons are insufficient to warrant transfer of venue.

To the extent Plaintiff requests that the undersign recuse himself, that request is also denied. A judge must recuse himself "in any proceeding in which his impartiality might be reasonably questioned" or

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455. None of these circumstances warranting recusal is present here. The undersigned did not participate in or have any knowledge of the proceedings giving rise to this action. Indeed, it appears that the undersigned was a federal judge at the time of Plaintiff's divorce. Moreover,

the undersigned has no bias toward any party in this litigation. Therefore, there are no grounds for recusal.

**II.     Motion to Extend Deadline to Serve Defendant Riley**

Plaintiff also asks for an extension of time to serve Defendant Riley. Case No. 19-cv-6930, ECF No. 31. Pursuant to Federal Rule of Civil Procedure 4, a plaintiff has 90 days to serve a defendant, but may seek an extension of time for "good cause." Fed. R. Civ. P. 4(m). Plaintiff's time to serve Riley has expired. However, his problems attempting to personally serve Riley are well-documented. Case No. 19-cv-6930, ECF Nos. 5, 26, 31. These issues have been exacerbated by the COVD-19 Pandemic. Case No. 19-cv-6930, ECF No. 31. Despite these challenges, three days after filing his motion for an extension of time to serve, Plaintiff served the summons upon Riley and filed the executed summons. The Court finds that these are good reasons for an extension of time for Plaintiff to serve Riley to May 1, 2020, the date Riley was actually served.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to transfer venue (Case No. 19-cv-6930, ECF No. 29; Case No. 20-cv-6039, ECF No. 44) is DENIED. Plaintiff's motion for extension of time to serve Riley (Case No. 19-cv-6930, ECF No. 31) is GRANTED.

IT IS SO ORDERED.

Dated: May 6, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court